And I'd like to reserve two minutes for rebuttal. Your Honors, the case presents the unusual issue here of whether the dismissal of the first case, 04-3243, which order became a final order, precluded the government from refiling the same charge based on the same facts as the first case. Counsel, even if the first dismissal was under Rule 48, it could be either with or without prejudice, correct? That is correct. And if it's without prejudice, then a second charge can be filed. That may be true under some circumstances. The problem that we have here, though, is the way that what led up to the dismissal was a hearing on October 24th, 05, when the government sought a continuance. The continuance was granted. Then on November 14th, 05, the government sought another continuance in order to supersede on the indictment. The Court specifically denied that continuance and then ordered the dismissal. It simply would not make sense for to allow the government to interpret that as a without prejudice dismissal. Well, under the Speedy Trial Act, of course, the Court can dismiss either with or without prejudice. We know that. We were under the Speedy Trial Act. That's correct. Why is this conceptually different? Well, I think it's conceptually different because of the way that the facts played out with the Court dismissing the case on November 14th. And then after denying the government's motion to continue for the specific and stated reason of obtaining a superseding indictment. So to allow the government to simply re-arrest the appellant the next day and start the procedure over undoes the significance of the dismissal. In fact, it puts the appellant in a worse position because the Speedy Trial Act starts anew. Well, if the Court had said, you know, I've given you enough time and I'm going to dismiss this under the Speedy Trial Act, period. Well. Then what? Well, the – I'm not sure because the Court here, the dismissal order said that it was pursuant to Rule 48, which – Oh, I understand. I'm sorry? I understand what I'm saying. If the Court had done that – Well, I guess if the Court had dismissed – Would you be telling us now, well, that's – I mean, it seems to me the argument would be precisely the same. Well, that's unfair. The Court said you've taken too much time to dismiss you, and now you're going to re-indict. But we know that can happen. Well, I think what the Court is required to do under the Speedy Trial Act is to decide under the statute and the case law whether to dismiss with or without prejudice including the length of time the case has been pending, the nature of the offense, the diligence of the government in proceeding to trial. And so – Right. And let's say the Court doesn't say anything. It just dismisses. You know, sometimes district judges don't do everything they're supposed to do. Not often, but it occurs. So let's say that's what happens. In the case where – Keep at it long enough, I'm dismissing. Don't say anything. Well, I guess the – if there was a refiling, then there would have to be a determination on whether it was with or without prejudice and whether the four factors – So you come in and the Court says, well, of course that was without prejudice. I had no intention of dismissing it with prejudice. The government was being diligent. The government was plenty diligent. It's just that those people up there on the Ninth Circuit changed the law on us at the last minute and so I just said, well, I'm going to dismiss it. The government was diligent enough. Let them go and get themselves another indictment. That's what he says when you come back after he hasn't said anything before. Okay? Speedy trial act case. Right. What do we say then? Well, I guess then we reevaluate the four factors that the Court has to look at and see if it's correct. And what's different about – what's different about this in principle? Well, I think that the factors that would weigh in favor of a dismissal with prejudice are present. The nature of the offense, a legal reentry case, the length of time the case was pending. It was a full year. We've had a number of cases, though, that have really, in a sense, disapproved of dismissals with prejudice unless the government has been warned, unless all kinds of things have happened that never happened in this case. And we have sometimes even reversed a dismissal with prejudice and told the Court that it had to be without prejudice in cases like Jiang and there are others. Are those factors present here? Well, I think what the problem in this case is the government didn't appeal the dismissal. It became a final order. But I guess our questions are designed to say, yes, it was a dismissal, but so what? What kind of dismissal? Because a dismissal without prejudice does not preclude the later filing. Well, I guess that maybe the Court – under the cases the Court is talking about, normally the district court is required to give notice before a 48B dismissal. With prejudice. With prejudice. And then the government can appeal that dismissal and try to argue that it was not warranted. In this case, the first indictment became a final decision. The Court – the government didn't seek to appeal that. But not on the merits. There was no adjudication on the merits. That's true. But this is one of the narrow exceptions to the normal double jeopardy rule of defining on the merits when it's under the Court's supervisory powers under Rule 48, when there's delay. And that was the reason for the dismissal was the delay. If not, the Court would have granted the government another continuance in order to seek to obtain the superseding indictment. In other words, if the – You're saying that a district court has only two options. One is to keep granting continuances, and the other is to dismiss with prejudice. I don't understand why there isn't the third option of dismissal without prejudice, because it seems like you're saying that isn't within the realm of what the district court could have done in this situation. Well, I don't think that's what the Court did do. I think the only logical inference of the 48B dismissal in this case was that it was with prejudice. Well, you're saying that theoretically I'm right. I'm just not right about what happened in this case. Is that how I should understand your answer? Yes, Your Honor. What do we make of the fact that the judge says I really didn't dismiss it under 48B? Well, the judge on the new case attempts to recast the dismissal order. But the dismissal order is in the record as a Rule 48 dismissal, number one. Number two, the way that it transpired, the only logical inference is that it was Rule 48, because he just – in all the types of cases where a Rule 48B dismissal occurs is when the government seeks additional continuances. The court says no, and then there's a dismissal. And so I understand the court afterwards said, well, I didn't mean that, but that's what the record is despite the district court's attempt to do it. Well, isn't it at least clear that at a minimum the district court was saying I did not intend to make it with prejudice, because, you know, and then goes on to say I didn't mean that the government was not dragging its feet. I mean, I'm paraphrasing. But it went through some explanation to say why there was no intention to dismiss with prejudice. That's an inference the court could make. The court never said that it was not a dismissal with prejudice, though. May I reserve my additional time? Yes, certainly. Thank you. Good morning, Your Honors. May it please the Court, Christina McCall for the United States. I just wanted to point out to the Court that everything in the record is consistent with a dismissal based upon the recent decision in the Resendez-Ponce case, not a dismissal on the merits. This is at a very early stage in this case. The defendant, through his former counsel, filed a motion to dismiss based upon a number of grounds. They actually presaged the decision in Resendez-Ponce because one of the motions to dismiss was for failure to allege an essential element, namely an overt act in attempted entry into the United States. It's good to remember that the defense attorneys before Mr. Swain requested at least six continuances of the motion hearing date. The government attorney actually did request two continuances, one in order to get the audio tape of the deportation, which actually led to the defendant filing yet another motion to dismiss. The second government request to continue was a result of late-filed motion filed by the defendant. On page 24 of the supplemental excerpt of record, we see that there was this motion to dismiss that had been on file for many months before the hearing. On page 25 of the supplemental excerpt of record, the Court, during the dismissal hearing, has two references to the Resendez-Ponce decision. And in that case, the instruction to the district court from this court was to dismiss without prejudice. It explicitly said dismiss without prejudice and without prejudice to re-indicting with the additional factors. Right. And in addition, in the transcript of the initial motion to dismiss hearing, there was no reference to undue delay by the government. There was no reference to Rule 48. And there is specifically no reference, as Your Honor mentioned, to a dismissal with prejudice. So Your Honor also mentioned the Jiang case, which you authored, which said that Rule 48B, dismissal, is only to be used in extreme circumstances. In this case, none of the extreme circumstances were present. There were no findings of prosecutorial misconduct, as required by the line of cases ending in Jiang. And there was no actual prejudice to the accused, Mr. Rodriguez-Martinez. In addition, this case was not dismissed with prejudice. The judge, Judge Whalen, was not attempting, in the later motion hearing, to recast his initial decision. This was a clerical error. Apparently, this court form ---- Do you have to win on that to, I mean, to win here? I mean, it says it's under 48. Even if it were, there were not the requisite findings of prejudice to the accused, prosecutorial misconduct, or advance warning to the parties that this was taking place. Well, are you ---- is it your position that if it were a dismissal under there, it's automatically with prejudice? No, that is not our position. Well, you seem to be saying that. You seem to be arguing, going, well, he shouldn't have done that, et cetera, et cetera. But so what if he did dismiss it under 48? Even if it was dismissed under Rule 48, in this case, it was not dismissed with prejudice. There's no evidence of any dismissal with prejudice in the record, either in the transcript of the initial motion to dismiss hearing or in the subsequent court orders that were filled out by the district court. Do you have any insight as to why he dismissed? The insight that I have, since I was not the original attorney on this case, comes from the record. And so, basically, there had been motions on file for, I think it was at least eight months by the time of the motion hearing last November. Resendez-Pond's decision had just been handed down, and basically the defendant was on notice that the government intended simply to refile. But the question was, why did the judge do it? Well, at that time, this motion, which had been on file, basically the premonition of the Resendez-Pond's case had become ripe. But the defendant was correct. The indictment was, after Resendez-Pond's, infirm because it failed to allege the overt act that the Ninth Circuit says is required. So the best reading of the record as a whole is that the judge intended to do what was done in Resendez. That's correct. Which was, I think, ultimately a, I don't know if it was under Rule 48, but the instruction clearly was to dismiss without prejudice. We would agree with that. I suppose if the statute of limitations had run, you'd be in big trouble, right? Even if it were dismissed without prejudice. Well, in this case, actually, Section 3289 of Title 18 allows the government to refile within six months after dismissal of a case for any reason, which we actually refiled the complaint the following day  I would point out to the court Rule 36, which says that the court at any time may correct a clerical error in an order, which Judge Whalen did during the second motion to dismiss hearing. It wasn't a matter of recasting his initial decision, but merely clarifying it and correcting this, what we view as a clerical error in the title of the dismissal slip. In addition, the appellant cites the case of Castiglione. In that case, the government actually moved to dismiss with prejudice the initial case in light of the superseding indictment that had already been filed. And even in Castiglione, the dismissal of an original indictment with prejudice does not bar further prosecution on identical counts in a superseding indictment. So in this case, you know, even a dismissal with prejudice would not bar the further prosecution according to the Castiglione case. Constable, quick question. I missed it in the excerpts, I think. Did the judge issue an order that went back and amended the other case? No. But in the transcript of the second motion hearing, he actually quite explicitly stated that he never dismissed this due to the government's undue delay. I understand all that. But you said he can always go back and correct, make a clerical error correction in the order. Which we believe he did verbally on the record. Wait a minute. Did he? Well, I could refer you to the transcript of the second hearing, specifically to page 36. But it doesn't actually make any specific correction. He just says what he thought he had done. Right. He was interpreting what he had done. He wasn't actually ordering an alteration of the document of the judgment of dismissal. Well, I don't believe that the clerical error would need to be fixed by subsequent order. It makes sense that the judge would be able to do it on the record. So there's an order in the district court file, and you think that in some later time, in some later case, the order becomes magically amended. And so if I go and look at that file, it says one thing, but it really doesn't because the court has corrected that clerical error. Do you have any authority for that? Well, beyond the Rule 36, I think this is kind of a unique situation that this has arisen here. I haven't found any cases that specifically state that the court may not correct an error through Rule 36 on the record or that it must be done in writing. But you could do maybe not on the record, but you've got to at least be in the case. And he wasn't in that case, was he? He was in a different case. You're right. The initial case was dismissed. We're not quarreling with that.  I understand. If Your Honors have any further questions. I think we don't. Thank you. Thank you. Mr. Swain, I think you have some rebuttal time remaining. Yes. Thank you, Your Honor. The difference in the Rescindé-Ponce, yes, it was ordered to be remanded to be dismissed without prejudice, but that's not pursuant to Rule 48. And so when you look at the timing of this case, it was October 11th that Rescindé-Ponce came down. There was another court date, October 24th. The government hadn't superseded by then. They were certainly on notice by almost two weeks. The government sought a continuance. Then the parties show up on November 14th, and the government again seeks a continuance for the specific purpose of superseding on the indictment. That continuance was denied. It only makes sense to cast that as a Rule 48B, dismissal with prejudice. If the government had sought to – the government could have made a motion to dismiss, and that would have been without prejudice under Rule 48A. The government said that they weren't – the government didn't do that. The government simply accepted the dismissal order, didn't attempt to refile in that final case, and that's a final decision. Thank you, Your Honor. Thank you, counsel. Thank you for this argument submitted. We appreciate the arguments of both parties.
judges: B. Fletcher, Fernandez, Graber